Walter CHRUBY, et al., Plaintiffs,

v.

GLOBAL TEL*LINK CORPORATION, Defendant.

Case No. 1:14–cv–456 (GBL/TRJ).

United States District Court, E.D. Virginia, Alexandria Division.

Signed Jan. 14, 2015.

Susan L. Burke, Burke PLLC, Washington, DC, for Plaintiffs.

John Christopher Rozendaal, Kellogg Huber Hansen Todd Evans & Figel PLLC, Washington, DC, Michael Richard Sklaire, Greenberg Traurig LLP McLean, Va, for Defendant.

## ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Defendant Global Tel*Link Corporation's Motion to Stay on Primary Jurisdiction Grounds (Doc. 11). This case arises from a class action suit against Defendant Global Tel*Link Corporation ("GTL") for violation of the Federal Communications Act ("FCA") (Count I), unjust enrichment (Count II), and violation of the Sherman Act (Count III).

There are two issues before the court. The first issue is whether the Court should grant Defendant's Motion to Stay, where Defendant argues that Plaintiffs have not filed a petition with the FCC concerning the retroactive nature of the FCC's orders and thus the Court lacks primary jurisdiction over the matter. The Court GRANTS Defendant's Motion to Stay but not on primary jurisdiction grounds, instead the Court stays Count I pending a decision from the United States Court of Appeals for the District of Columbia in *Global Tel*Link v. FCC*, No. 13–1281 (D.C.Cir.2014), as to the issues that form the basis of this claim.

The second issue before the Court is whether the Court should stay all other pending proceedings, where Defendant argues that Plaintiff's non-Federal Communications Act claims are dependent upon its related Federal Communications Act claim. The Court GRANTS Defendant's Motion to Stay all other proceedings, because Plaintiffs' non-Federal Communications Act claims challenge the same conduct presented in its Federal Communications Act claim and a determination on those claims will undoubtedly effect the outcome of the non-Federal Communications Act claims.

Accordingly, the Court GRANTS Defendant's Motion to Stay on all Counts.

## I. BACKGROUND

Plaintiffs, incarcerated inmates and family members, assert class action claims against Defendant Global Tel*Link Corporation ("GTL"), an inmate calling service ("ICS") provider, for engaging in rate discrimination and overcharging inmates and their families for telephone services. First. Am. Compl. (hereinafter "Compl.") ¶ 2. Plaintiffs assert three causes of action: (1) violation of the Federal Communications Act ("FCA") (47 U.S.C. §§ 201, 202, 276) (Count I), (2) unjust enrichment (Count II), and (3) violation of the Sherman Act (15 U.S.C. §§ 1, 13) (Count III). Compl. ¶ 83, 88, 92, 93.

Global Tel*Link Corporation is a telecommunications provider for inmates housed in certain state prisons and jails throughout the country. Def.'s Supp. Br. at 2. Plaintiffs consist of eleven Pennsylvania residents; five are incarcerated in SCI Laurel Highland in Somerset, Pennsylvania, and six have an incarcerated family member. Def.'s Supp. Br. at 2. Plaintiffs also seek to certify two classes: (1) a "FCC/Unjust Enrichment Class" of any person nationwide who was charged for

telephone service by GTL "at rates that included site commission payments in the cost-basis for the rates," and (2) a "Pennsylvania Antitrust Class" of inmates and family members who were incarcerated in Pennsylvania from 2000 to present and were charged for telephone service by GTL "at rates that included site commission payments in the cost-basis for the rates." Compl. ¶ 23, 25; Def.'s Supp. Br. at 3.

The Federal Communications Commission ("FCC") regulates interstate and international communications by radio, television, wire, satellite, and cable. Pls.' Opp'n Br. at 2. The FCC interprets and applies the Federal Communications Act ("FCA"), which regulates inmate telephone services in correctional facilities as a form of payphone services. Pls.' Opp'n Br. at 2–3; 47 U.S.C. § 276(d). The FCA requires ICS providers, such as GTL, to charge only "just and reasonable" rates for telephone services provided to inmates. Pls.' Opp'n Br. at 3; 47 U.S.C. § 201(b).

On September 26, 2013, the FCC released a Report and Order and Further Notice of Proposed Rulemaking ("Order") requiring ICS rates to be "cost-based" and implementing interim rate caps for ICS interstate calls. Def.'s Supp. Br. at 3–4; 78 Fed.Reg. 67956 (Nov. 13, 2013). Specifically, the Order classifies "site commission payments" as "profits" rather than "costs," and finds that such payments cannot be passed along to customers in the form of rates. Pls.' Opp'n Br. at 4; 78 Fed.Reg. at 67962–63. GTL and other ICS providers filed a petition for review of the Order to the United States Court of Appeals for the D.C. Circuit and filed a motion to stay the implementation of the Order, which was scheduled to take effect on February 11, 2014. Def.'s Supp. Br. at 5; 78 Fed.Reg. at 67956. On January 13, 2014, the D.C. Circuit stayed the portions of the Order that required ICS rates to be cost-based but did not stay the implementation of interim rate caps for ICS interstate calls. Def.'s Supp. Br. at 5; Def.'s Ex. A.

Plaintiffs allege that beginning in the 1990s until early 2014, Defendant GTL engaged in a nationwide pattern of making payments to correctional facilities, called "site commission payments" by the FCC, and then overcharging inmates and their family members by embedding those costs into their rate structure. Compl. ¶ 42; Pls.' Opp'n Br. at 3. Plaintiffs further allege that Defendant GTL is continuing, or attempting to continue, its illegal rate discrimination and overcharging in its billing for intrastate calls. Compl. ¶ 38. Defendant GTL contends that the Order is prospective and does not apply to the timeline at issue in this case—1990s until early 2014. Def.'s Supp. Br. Br. at 10–11.

Defendant GTL filed a Motion to Stay on Primary Jurisdiction Grounds seeking to refer Count I, the Federal Communications Act claim, to the FCC, and to stay all other proceedings, namely Counts II and III, Plaintiff's unjust enrichment and Sherman Act claims. (Doc. 11).

## II. ANALYSIS

The Court **GRANTS** Defendant's Motion to Stay on Count I, the Federal Communications Act claim, pending disposition of *Global Tel*Link v. FCC*, No. 13–1281 (D.C.Cir.2014) and stays Counts II and III, Plaintiff's unjust enrichment and Sherman Act claims, because of the related nature of the claims.

The FCC is currently litigating in the D.C. Circuit court the issues that form the basis of this suit: interstate rates, intrastate rates, and site commission payments. *See* 78 Fed.Reg. 67956. Adjudication of the current case before the matter is resolved in the D.C. Circuit court would risk inconsistency in the telecommunications in-

dustry. See *Waudby v. Verizon Wireless Servs., LLC,* No. 07–470, 2007 WL 1560295, *7 (D.N.J. May 25, 2007) (stating that conflicting court decisions regarding the reasonableness of defendant's early termination fee ("ETF") clause "would result in significant inconsistency in the telecommunications industry with regard to ETFs"). Additionally, Defendant GTL references a similar lawsuit brought against it in the United States District Court for the District of New Jersey. *See James v. Global Tel\*Link Corp.,* No. 13–4989, 2014 WL 4425818 (D.N.J. Sept. 8, 2014). In *James,* similar to this case, the plaintiffs' class action suit against GTL includes, *inter alia,* a violation of the FCA claim and an unjust enrichment claim. *Id.* at *1. On September 8, 2014, the District of New Jersey ordered a stay pending the filing of an administrative complaint within ninety (90) days of the filing of the D.C. Circuit's opinion in *Global Tel\*Link v. FCC,* No. 13–1281 (D.C.Cir.2014). *Id.* at *8.

Plaintiffs argue that primary jurisdiction is inapplicable because the FCC has already determined, on numerous occasions, that ICS providers charged inmates unjust and unreasonable rates when they characterized "site commission payments" as recoverable "costs" rather than as "profits." Pls.' Opp'n Br. at 11–12. However, the Court finds it more persuasive to stay the case not on primary jurisdiction grounds, but instead because key issues in this case may be greatly impacted by the pending appeal in the D.C. Circuit. As it stands, it is unclear whether significant changes will be made to the Order or whether it will be invalidated. Accordingly, because the FCC is currently litigating in the D.C. Circuit court the issues that form the basis of this suit: interstate rates, intrastate rates, and site commission payments, the Court stays Count I.

Defendant GTL requests that the Court also stay the unjust enrichment (Count II) and the violation of the Sherman Act (Count III) claims. While the D.C. Circuit's determination will likely not be dispositive to any of the non-FCA claims in this case, its determination can influence the ultimate outcome of the other causes of action. *See James,* 2014 WL 4425818 at *8; *Gentry v. Cellco P'ship,* No. CV 05–7888, 2006 WL 6927883, at *1–2, 2006 U.S. Dist. Lexis 97876, at *3–4 (C.D.Cal. Mar. 26, 2006). Accordingly, because the Court finds that Plaintiffs' non-Federal Communications Act claims challenge the same conduct presented in its Federal Communications Act claims and the D.C. Circuit's ruling may affect this Court's considerations of those non-FCA claims, all proceedings are stayed. Therefore, it is hereby

**ORDERED** that Defendant's Motion to Stay (Doc. 11) is **GRANTED;** it is further

**ORDERED** that proceedings in this matter are hereby stayed pending resolution of *Global Tel\*Link v. FCC,* No. 13–1281 (D.C.Cir.2014). The matter may be reinstated to the active docket upon further order of the Court or motion of either party after a final determination *Global Tel\*Link v. FCC,* No. 13–1281 (D.C.Cir. 2014) is rendered.

**IT IS SO ORDERED.**